IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TELE-CONS, INC and | § | |
| MICHAEL MOISIN, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO._____ |
| | § | |
| | § | |
| | § | JURY TRIAL DEMAND |
| GENERAL ELECTRIC COMPANY; | § | |
| KONINKLIJKE PHILIPS | § | |
| ELECTRONICS NV; | § | |
| PHILIPS LIGHTING NORTH AMERICA; | § | |
| NEPTUN LIGHT, INC; | § | |
| GLOBAL CONSUMER PRODUCTS, INC.; | § | |
| EARTH TRONICS, INC.; | § | |
| FEIT ELECTRIC COMPANY, INC.; | § | |
| TECHNICAL CONSUMER | § | |
| PRODUCTS, INC d/b/a TCP; | § | |
| PURESPECTRUM, INC.; | § | |
| ELLIOTT ELECTRIC SUPPLY, INC. | § | |
| BROOKSHIRE GROCERY CO.; | § | |
| SERVICES LIGHTING AND ELECTRICAL | § | |
| SUPPLIES, INC. d/b/a 1000BULBS.COM; | § | |
| WAL-MART STORES, INC.; | § | |
| WAL-MART STORES TEXAS, LLC; and | § | |
| FLECO INDUSTRIES, INC. d/b/a | § | |
| TEXAS FLUORESCENTS | § | |
|     Defendants | § | |

## ORIGINAL COMPLAINT

COMES NOW Plaintiffs Tele-Cons, Inc. and Michael Moisin ("Tele-Cons" or "Plaintiffs") and file

this Original Complaint against Defendants General Electric Company; Koninklijke Philips Electronics N.V.;

Philips Lighting North America; Neptun Light, Inc.; Global Consumer Products, Inc.; EarthTronics, Inc.; Feit

---

Electric Company, Inc.; Technical Consumer Products, Inc d/b/a TCP; PureSpectrum, Inc.; Elliott Electric Supply, Inc.; Brookshire Grocery Co.; Services Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com; Wal-Mart Stores, Inc.; Wal-Mart Stores Texas, LLC; FLECO Industries, Inc. d/b/a Texas Fluorescents (collectively, "Defendants") and allege as follows:

## I.  JURISDICTION AND VENUE

1.      This action arises under patent laws of the United States, 35 U.S.C. § 271, et. seq.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), (c) and 1400(b).

## II.  PARTIES

3.      Plaintiff, Tele-Cons, Inc. is an Illinois corporation having a principal place of business at 8 Druce Street, Brookline, Massachusetts 02445.

4.      Plaintiff, Michael Moisin is an individual residing at 8 Druce Street, Brookline, Massachusetts 02445.

5.      Defendant General Electric Company ("GE") is a New York corporation having a principal place of business in Fairfield, Connecticut.  It can be served with process by serving its registered agent, CT Corp System, 350 N. St. Paul St., Suite 2900, Dallas, TX  75201.  Defendant GE is doing business and committing acts of patent infringement in this judicial district and elsewhere.

6.      Defendant Koninklijke Philips Electronics N.V. is a foreign corporation with its principal place of business in the Netherlands.  It can be served with process by serving its president and CEO at Amstelplein 2 Breitner Center PO Box 77900, Amsterdam, Noord-Holland, 1070 MX   Netherlands. Defendant Koninklijke Philips Electronics N.V. is doing business and committing acts of patent infringement in this Judicial District and elsewhere.  It is the parent corporation of Philips Lighting North America and is doing business and committing acts of patent infringement in this judicial district and elsewhere.

7.      Defendant Philips Lighting North America is a Delaware corporation having a principal place of business in Andover, Massachusetts.  It can be served with process by serving its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX  78701.  Defendant Philips Lighting North America is doing business and committing acts of patent infringement in this judicial district and elsewhere.

8.      Defendant Neptun Light, Inc. is a Delaware corporation with its principal place of business in Lake Bluff, Illinois.  It can be served with process by serving its registered agent, Andrew Bobel, President, Neptun Light, Inc. 960 North Shore Dr., Lake Bluff, IL 60044.  Defendant Neptun is doing business and committing acts of patent infringement in this judicial district and elsewhere.

9.      Defendant Global Consumer Products, Inc. is a New Jersey corporation with its principal place of business in Wayne, New Jersey.  It may be served with process by serving its registered agent, Suchita Perti, at 42 Augusta Dr., Wayne, NJ 07470.  Defendant Global Consumer Products is doing business and committing acts of patent infringement in this judicial district and elsewhere.

10.     Defendant EarthTronics, Inc. is a Michigan corporation with its principal place of business in Muskegon, Michigan.  It may be served with process by serving its registered agent, Mark D. Evans, 43252 Woodard Ave., Suite 190, Bloomfield, MI 48302.  Defendant EarthTronics is doing business and committing acts of patent infringement in this judicial district and elsewhere.

11.     Defendant Feit Electric Company, Inc. is a California corporation with its principal place of business in Pico Rivera, California.  It may be served with process by serving its registered agent, Aaron Feit, 4901 Gregg Rd., Pico Rivera, CA 90660.  Defendant Feit is doing business and committing acts of patent infringement in this judicial district and elsewhere.

12.     Defendant Technical Consumer Products, Inc. d/b/a TCP is a Delaware corporation with its principal place of business in Aurora, Ohio.  It may be served with process by serving its registered agent,

The Corporation Trust Company, 605 Aurora Dr., Houston, TX 77008.  Defendant TCP is doing business and committing acts of patent infringement in this judicial district and elsewhere.

13.     Defendant PureSpectrum, Inc. is a Delaware corporation with its principal place of business in Savannah, Georgia.  It may be served with process by serving its registered agent, William R. Norton, at 340 Eisenhower Dr., Suite 610, Savannah, GA 31406.   Defendant PureSpectrum is doing business and committing acts of patent infringement in this judicial district and elsewhere.

14.     Defendant Elliott Electric Supply, Inc. is a Texas corporation with its principal place of business in Nacogdoches, Texas.  It may be served with process by serving its registered agent, William M. Elliott, Sr. at 2526 North Stalling Dr., Nacogdoches, Texas 75964.  Defendant Elliott is doing business and committing acts of patent infringement in this judicial district and elsewhere.

15.     Defendant Brookshire Grocery Co. is a Texas corporation with its principal place of business in Tyler, Texas.  It may be served with process by serving its registered agent, Tim King, 1600 W. South West Loop 323, Tyler, TX 75701.  Defendant Brookshire Grocery Co. is doing business and committing acts of patent infringement in this judicial district and elsewhere.

16.     Defendant Services Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com ("Defendant 1000bulbs.com") is a Texas corporation with its principal place of business in Garland, Texas.  It may be served with process by serving its registered agent, Kim Pedersen, 2140 Merritt Dr., Garland, TX 75041.  Defendant Services Lighting and Electrical Supplies, Inc. d/b/a 1000bulbs.com is doing business and committing acts of patent infringement in this judicial district and elsewhere.

17.     Defendant Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  It may be served with process by serving its registered agent, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.  Defendant is doing business and committing acts of patent infringement in this judicial district and elsewhere.

18.     Defendant Wal-Mart Stores Texas, LLC is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  It may be served with process by serving its registered agent, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.  Defendant is doing business and committing acts of patent infringement in this judicial district and elsewhere.

19.     Defendant FLECO Industries, Inc. a/k/a Texas Fluorescents ("FLECO") is a Texas corporation with its principal place of business in Carrollton, Texas.  It may be served with process by serving its registered agent, Lawrence E. Sayah, at 2055 Luna Rd., # 142, Carrollton, TX 75201-4234.  Defendant is doing business and committing acts of patent infringement in this judicial district and elsewhere.

## III.  BACKGROUND

20.     On September 21, 1999, United States patent number 5,955,841 ("the Patent") was issued for an invention related to a ballast circuit for fluorescent lamps.  A true and correct copy of the Patent is attached to this pleading as Exhibit A.  Plaintiff Moisin was one of two original inventors on the Patent.  Through assignments, Plaintiffs acquired all rights to the Patent and have standing to assert the present causes of action.  Plaintiffs are in the business of designing, manufacturing, and selling lighting products, including dimmable compact fluorescent lamps ("CFLs").  Plaintiffs currently license and manufacture dimmable CFLs under the Patent.  Plaintiffs ensure that substantially all dimmable CFLs manufactured or sold by Plaintiffs or under a license to the Patents are properly marked with the Patent number.

21.     Plaintiffs discovered that Defendants were making, using, selling, offering for sale or importing dimmable CFLs.  Plaintiffs set out to determine if Defendants' dimmable CFLs practiced the patented invention.  Plaintiffs acquired samples of Defendants' dimmable CFLs and evaluated those samples to determine whether or not they infringed the Patent.  Plaintiffs discovered that Defendants' dimmable CFLs, including but not limited to those identified below, infringe one or more claims of the Patent.  Plaintiffs therefore filed the present Complaint to assert their rights under the Patent.

## IV.  CLAIMS

22.     Based on the above-described products, Plaintiffs assert several causes of action against the Defendants.   As a preliminary matter, Plaintiffs confirm that they have complied with the statutory requirement of placing a notice of the Patent on dimmable CFLs that Plaintiffs manufacture and sell, and have given Defendants written notice of their infringement.  These causes of action are detailed as follows.

### A.  Direct Patent Infringement

23.     The allegations of paragraphs 1-22 above are incorporated by reference as if fully set forth herein.

24.     Each Defendant makes, uses, or sells dimmable CFLs that infringe one or more claims of the Patent.  By way of example only and without limitation, the following dimmable CFLs directly infringe at least claims 1, 7, 25 or 35 of the Patent.

25.     Defendant GE makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant GE's dimmable CFLs sold under the model number GE Energy Smart FLE15/2/DV/R30 directly infringe at least claims 1, 7, 25 or 35 of the Patent.

26.     The Philips Defendants make, use, and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, the Philips Defendants' dimmable CFLs sold under the model name Philips Marathon Classic 65BR30 directly infringes at least claims 1, 7, 25 or 35 of the Patent.

27.     Defendant Neptun Light, Inc. makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant Neptun's dimmable CFLs sold under the model numbers 33016-ADIM and 34016-ADIM directly infringe at least claims 1, 7, 25 or 35 of the Patent.

28.     Defendant Global Consumer Products, Inc. makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant Global Consumer Product's dimmable

CFLs sold as model Global OverDrive Dimmable 23W/ODSPDIM directly infringe at least claims 1, 7, 25 or 35 of the Patent.

29.     Defendant EarthTronics, Inc. makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant EarthTronics' dimmable CFLs sold as model CF24SW1BDIM directly infringes at least claims 1, 7, 25 or 35 of the Patent.

30.     Defendant Feit makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant Feit's dimmable CFLs sold as model BPESL23T/DIM directly infringes at least claims 1, 7, 25 or 35  of the Patent.

31.     Defendant TCP makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant TCP's dimmable CFLs sold as model 2R3016DIM50K directly infringes at least claims 1, 7, 25 or 35 of the Patent.

32.     Defendant PureSpectrum makes and sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant PureSpectrum dimmable CFLs sold as model PS20SP-27-12-L directly infringes at least claims 1, 7, 25 or 35 of the Patent.

33.     Defendant Elliott is a retailer of electrical and industrial products.  Among the products sold by Defendant Elliott are dimmable CFLs.  Some of the dimmable CFLs sold by Defendant Elliott infringe the Patent.  By way of example only, Defendant Elliott sells dimmable CFLs that are made by Defendant GE such as the GE Energy Smart FLE15/2/DV/R30 described above that directly infringe at least claims 1, 7, 25 or 35 of the Patent.

34.     Defendant Brookshire Grocery Co. is a retailer of consumer products.  Among the products sold by Defendant Brookshire are dimmable CFLs.  The dimmable CFLs sold by Defendant Brookshire infringe the Patent.  By way of example only, Defendant Brookshire sells dimmable CFLs that are made by

Defendant GE such as GE Energy Smart FLE15/2/DV/R30 described above that directly infringe at least claims 1, 7, 25 or 35 of the Patent.

35.     Defendant 1000bulbs.com is a retailer of lighting products, including dimmable CFLs. Defendant 1000bulbs.com sells dimmable CFLs that infringe the Patent.  By way of example only and without limitation, Defendant 1000bulbs.com sells dimmable CFLs that are made by Defendants Global Consumer Products, Neptun, and Earthtronics such as 23W/ODSPDIM, 33016-ADIM, and CF24SW1BDIM, respectively, described above that directly infringe at least claims 1, 7, 25 or 35 of the patent.

36.     Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores Texas, LLC (collectively "Defendants Wal-Mart") are retailers of consumer products.  Among the products sold by Defendants Wal-Mart are dimmable CFLs.  The dimmable CFLs sold by Defendants Wal-Mart infringe the Patent.  By way of example only, Defendants Wal-Mart sell dimmable CFLs that are made by Defendant GE such as GE Energy Smart FLE15/2/DV/R30 described above that directly infringe at least claims 1, 7, 25 or 35 of the Patent.

37.     Defendant FLECO is a retailer of consumer lighting products.  Among the products sold by Defendant FLECO are dimmable CFLs.  The dimmable CFLs sold by Defendant FLECO infringe the Patent. By way of example only, Defendant FLECO sells dimmable CFLs that are made by Neptun, specifically including the Neptun 33016-ADIM dimmable CFL described above that directly infringes at least claims 1, 7, 25 or 35 of the Patent.

38.     This claim is made under the provisions of the patent laws of the United States, 35 U.S.C. § 271 et seq.  Plaintiffs are the owners of the '841 patent.  In violation of one or more provisions of 35 U.S.C. § 271, each of the Defendants has infringed, and continues to infringe, one or more of the claims of the '841 patent by making, using, selling and/or offering for sale dimmable CFLs and ballast products, in this Judicial District and elsewhere.  The infringing products are exemplified by, but not limited to, those products identified above.

**B.  Contributory Patent Infringement**

39.     The allegations of paragraphs 1-38 above are incorporated by reference as if fully set forth herein.

40.     Further and in the alternative, Defendants by the conduct described above are actively offering for sale or selling dimmable CFLs knowing that those articles are especially made or adapted for a use that infringes at least claims 1, 7, 25 or 35 and other claims of the Patent.  Such conduct is in violation of one or more provisions of 35 U.S.C. § 271.  Such infringing products are exemplified by, but not limited to, those products identified above.  The infringing products are not staple articles of commerce and are not suitable for substantial non-infringing uses.

**C.  Inducement of Patent Infringement**

41.     The allegations of paragraphs 1-40 above are incorporated by reference as if fully set forth herein.

42.     Further and in the alternative, Plaintiffs believe that Defendants by the conduct described above have induced infringement of the Patent.  Such conduct is in violation of one or more provisions of 35 U.S.C. § 271.  Defendants make, use, sell, or offer for sale dimmable CFLs in a manner that encourages infringement of the Patent.  By way of example only and without limitation, Defendants engage in such conduct by specifically advertising dimmable CFLs in a way that infringes at least claims 1, 7, 25 or 35 of the Patent as described above.  Such infringing products are exemplified by, but not limited to, those products identified above.

## V.  DAMAGES

43.     The above-described acts of infringement have damaged Plaintiffs.  For such infringement, Plaintiffs seek recovery of the following damages under 35 U.S.C. § 284.

**A.  Lost Profits**

44.     The allegations of paragraphs 1-43 above are incorporated by reference as if fully set forth herein.

45.     As discussed above, Plaintiffs are in the business of manufacturing and selling dimmable CFLs under the Patent.  Plaintiffs contend that but for Defendants' infringement, Plaintiffs would have made additional profits.  Plaintiffs accordingly seek recovery of those lost profits under 35 U.S.C. § 284.

**B.  Reasonable Royalty**

46.     The allegations of paragraphs 1-45 above are incorporated by reference as if fully set forth herein.

47.     Further and in the alternative, Plaintiffs seek damages to adequately compensate for Defendants' infringement of the Patent.  Such damages should be no less than the amount of a reasonable royalty under 35 U.S.C. § 284.

**C.  Enhanced Damages, Attorneys' Fees, and Expenses**

48.     The allegations of paragraphs 1-47 above are incorporated by reference as if fully set forth herein.

49.     Based on information and belief, Plaintiffs contend that Defendants' above-described acts of infringement have been and are willful.  Therefore under 35 U.S.C. § 284, Plaintiffs seeks a finding of willfulness and recovery of enhanced damages up to three times the amount of damages found by the trier of fact.  Plaintiffs further seek recovery of their reasonable attorneys' fees and expenses under 35 U.S.C. § 285.

**VI.  INJUNCTION**

50.     The allegations of paragraphs 1-49 above are incorporated by reference as if fully set forth herein.

51.     Defendants' acts of infringement have caused and are causing irreparable injury to Plaintiffs, for which monetary damages are inadequate.  Plaintiffs will continue to suffer damage unless Defendants are

---

enjoined.  Thus Plaintiffs request that Defendants be preliminarily and permanently enjoined and restrained from making, importing, using, selling, or offering for sale any dimmable CFL, including without limitation those identified above, that infringe the Patent or that contribute to infringement or induce infringement of the Patent.

## VII.  DEMAND FOR JURY TRIAL

52.     Plaintiffs demand a jury trial on all issues triable of right by jury.


## PRAYER

WHEREFORE, Plaintiffs pray that the Court:

Enter judgment that Defendants have infringed U.S. Patent No. 5,955,841;

Enter judgment that Defendants' acts of patent infringement have been and are willful;

Temporarily, preliminarily and permanently enjoin Defendants, their parents, subsidiaries, affiliates, divisions, officers, agents, servants, employees, directors, partners, representatives, and all parties in active concert and/or participation with them, from engaging in the aforesaid unlawful acts of infringement;

Order Defendants to account for and pay to Plaintiffs all damages caused to Plaintiffs by Defendants' unlawful acts;

Award Plaintiffs enhanced damages and attorney fees pursuant to 35 U.S.C. §§ 284 and 285;

Award Plaintiffs interest and costs incurred in this action; and

Grant Plaintiffs such other and further relief as the Court may deem just and proper.


Respectfully submitted,

_____
**DEREK GILLILAND**
STATE BAR NO. 24007239

**BRAD SEIDEL**
STATE  BAR NO. 24008008
**JOHN HULL**
STATE BAR NO. 24050791
**NIX PATTERSON & ROACH, L.L.P.**
205 Linda Drive
Daingerfield, Texas  75638
903.645.7333 (telephone)
903.645.5389 (fax)
dgilliland@nixlawfirm.com
bradseidel@nixlawfirm.com
johnhull@nixlawfirm.com


**D. NEIL SMITH**
STATE BAR NO.  00797450
**ANTHONY K. BRUSTER**
STATE BAR NO. 24036280
**EDWARD CHIN**
STATE BAR NO. 50511688
**ANDREW WRIGHT**
STATE BAR NO. 24063927
**NIX PATTERSON & ROACH, L.L.P.**
5215 N. O'Connor, Suite 1900
Irving, Texas  75039
972.831.1188 (telephone)
972.444.0716 (fax)
dneilsmith@mac.com
akbruster@nixlawfirm.com
edchin@me.com
awright@nixlawfirm.com